**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **RICHARD STAMPER,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **NO. 5:25-CV-00260-MAS** |
| ) | |
| **FRANK BISIGNANO,** ) | |
| ***Commissioner of Social Security*,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Plaintiff's Second Amended Unopposed Motion for Award of Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). [DE 28]. The Second Amended Motion requests an award of attorney's fees in the amount of $8,388.00, to be paid to Plaintiff Richard Stamper. For the reasons discussed below, the Court grants in part and denies in part the Motion at DE 28.

**I.   RELEVANT BACKGROUND**

This Social Security appeal ended in reversal of the Commissioner's underlying decision under sentence four of 42 U.S.C. § 405(g) and remand to the agency for further proceedings. [DE 22 (Order Reversing and Remanding); DE 23 (Judgment)]. Richard Stamper ("Stamper") seeks EAJA fees exceeding the statutory maximum. The motion is timely. Based on the Court's previous sentence four remand in this

action, Stamper satisfies the "prevailing party" criteria and is entitled to a fee award. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Although the Commissioner joins the Motion, and although the parties have entered a stipulation agreeing on a fee award, it is incumbent on the Court to examine the fee to be awarded for reasonableness. *See* 28 U.S.C. § 2412 (d)(2)(A). The Court does so below.

## II.    EXCESS FEE ANALYSIS

Under the EAJA, "[t]he amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall be capped at $125/hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In assessing the prevailing rate in the community, "[t]he relevant community, although a somewhat fluid concept, has been defined as the same metropolitan area as the one in which the case was brought." *Kalar v. Astrue*, No. CIV.A. 10-428-JBC, 2012 WL 2873815, at *1 (E.D. Ky. July 13, 2012) (citing *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)). Discerning the appropriate hourly fee in EAJA cases is a matter committed to the Court's discretion. *See Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578 (6th Cir. 2005). The party requesting a fee increase shall bear the burden of producing evidence supporting the requested increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

It should be noted that Stamper submitted a Supplemental Brief arguing that the Court's reliance on *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484 (6th Cir. 2021),

Page **2** of **11**

and *Gibson v. Colvin*, No. 2:12-131-DCR, 2013 WL 6191754 (E.D. Ky. Nov. 26, 2013), in its recent Order [DE 27] instructing him to provide further documentation to satisfy his burden of demonstrating the reasonableness of the requested hourly rate was misguided. [DE 28-3, Page ID# 1124]. Specifically, Stamper argues that each case cited involved a contested fee motion. Thus, the procedural posture is "materially different from this case." In addition to this argument, Stamper argues that settled fee motions do not require the same evidentiary showing as contested litigation. In short, Stamper asserts that he should not have to fully substantiate his fee because it was already resolved by a "compromise" with the Commissioner.

Stamper's attempt to distinguish *Doucette* and *Gibson* on the grounds that those cases involved contested fee petitions is unpersuasive. Although the Court relied on contested cases for illustrative purposes, it could provide citations to a multitude of other cases in which a plaintiff was required to justify an above-cap fee award even where the Commissioner did not object to the requested hourly rate. *See, e.g.*, *Hack v. Bisignano*, No. 3:25-CV-00013-GFVT, 2026 WL 1396213 (E.D. Ky. May 19, 2026) (undertaking a full analysis of the reasonableness of the fees sought despite the Commissioner stipulating to the amount sought); *Pohl v. Bisignano*, No. 5:25-CV-00109-GFVT, 2026 WL 1615752, at *1 (E.D. Ky. June 4, 2026) (noting that even where a joint motion is filed, the Court must examine the fee award for reasonableness, then continuing on to fully analyze the reasonableness of the fees, including discussing the affidavits of local attorneys submitted by the plaintiff); *Martin v. Comm. of Soc. Sec.*, No. 12-14773, 2014 WL 7139991, at *2–3 (E.D. Mich.

Dec. 12, 2014) (stating that "courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award" after considering affidavits and CPI in evaluating the reasonableness of an above-cap fee award); *Epperson v. Comm. of Soc. Sec.*, No. 1:10-CV-1502, 2012 WL 5610774, at *4 (N.D. Ohio Nov. 15, 2012) (determining that the CPI and the affidavit submitted by plaintiff's counsel did not constitute sufficient evidence to justify an increase above the statutory rate, notwithstanding the Commissioner's failure to challenge the requested hourly rate). Furthermore, the relevant statute provides that "'fees and other expenses' includes . . . reasonable attorney fees . . . attorney fees shall not be awarded in excess of $125 per hour unless *the court determines* that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). This alone indicates that courts have an independent obligation to determine whether a requested fee is reasonable, regardless of the parties' agreement. A stipulation or compromise between parties cannot relieve the Court of its duty to ensure that any fee award complies with the statutory requirements of 28 U.S.C. § 2412(d)(2)(A). Thus, whether the Commissioner contests the motion is immaterial; the relevant question is whether Stamper submitted sufficient evidence to satisfy his burden of demonstrating that a requested hourly rate exceeding the statutory cap is reasonable and reflects the prevailing market rate in the relevant legal community.

To show that the prevailing rate in the relevant community exceeds the $125 cap and to justify such a higher hourly fee, Stamper "must produce 'satisfactory

evidence' that [his] 'requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Carson v. Colvin*, No. 13-CV-94-GFVT, 2015 WL 5304627, at *1 (E.D. Ky. Sept. 8, 2015) (quoting *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009)). Both evidence of fees billed and received "in the same geographic area for the pertinent area of practice, *as well as* . . . [proof] of the historical fee reimbursement rate in the district" may be relevant to the prevailing rate calculus. *Id.* (quoting *Page v. Astrue*, No. CIV.A. 09-210-GWU, 2011 WL 2560265, *1 (E.D. Ky. June 28, 2011)); *accord Taulbee v. Astrue*, No. CIV.A. 07-266-GWU, 2008 WL 5173614, at *2 (E.D. Ky. Dec. 10, 2008). Still, it remains Stamper's burden to put forth adequate evidence—both substantiating the ultimately sought fee amount *and* justifying an above-cap number, if applicable—in relation to the relevant geographic area. *See Trammell v. Colvin*, No. 2:12-CV-38-JMH, 2013 WL 1856415, at *1 (E.D. Ky. Apr. 30, 2013) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000)).

The relevant geographic area for the instant analysis is the Lexington-Fayette metropolitan area. *See, e.g.*, *Kalar*, 2012 WL 2873815, at *1. Here, Stamper seeks attorney's fees at the rate of $255.00 per hour. [DE 28, Page ID# 1095]. In support of this, Stamper points to two recent cases in this district, in which similar hourly rates were awarded. Specifically, Stamper cites *Whitley ex rel. v. Commissioner of Social Security*, No. 5:24-CV-00365-GFVT, 2026 WL 867762, at *5 (E.D. Ky. Mar. 30, 2025), and *Hack v. Bisignano*, No. 3:25-CV-00013-GFVT, 2026 WL 1396213, at *2

(E.D. Ky. May 19, 2026). Additionally, Stamper presents the CPI-All Items Index for the South Urban Region and provides calculations demonstrating the increase in the cost of living from 1996 to 2025.

Although Stamper cites recent fee awards in the Eastern District of Kentucky that utilize similar hourly rates, he fails to provide any evidence relating to his counsel's skill, experience, and reputation. Indeed, courts in this district have reasoned that "[r]easonable fees are those which are 'in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation.'" *Kalar v. Astrue*, No. CIV.A. 10-428-JBC, 2012 WL 2873815, at *1 (E.D. Ky. July 13, 2012) (quoting *Blum v. Stenson,* 486 U.S. 886, 895 n.11 (1986)). Thus, the determination of a reasonable fee depends largely on the relevant skill, experience, and reputation of the individual attorney for whom the award is sought. Although evidence of recent fee awards may help establish the range of rates approved within the relevant geographic market, it does not account for the qualifications and experience of the particular attorneys at issue in a particular case (here: Faten Eidi and Kira Treyvus). Accordingly, Stamper has failed to meet his burden of substantiating his request for a higher fee award and has not adequately demonstrated that an hourly rate exceeding the $125 statutory cap is reasonable.

Courts may default to the EAJA presumptive statutory cap of $125 where a "claimant has failed to substantiate his request for a higher [fee award]." *Id.* at 492; *e.g.*, *Gibson v. Colvin*, No. 2:12-131-DCR, 2013 WL 6191754, at *3 (E.D. Ky. Nov. 26, 2013) (adhering to the EAJA presumptive statutory cap because plaintiff failed to

satisfy "her burden demonstrating that the fees should be increased for this matter"). In this case, despite multiple attempts by this Court to provide the parties with additional time and opportunities to supplement the record in support of the reasonableness of this fee award, Stamper has repeatedly failed to properly substantiate the claim for excess attorney's fees. Because the parties failed to substantiate the claim, the Court cannot properly analyze whether a higher fee is justified. As such, the Court will default to the EAJA statutory cap of $125/hour for attorney time.

Additionally, Stamper requests paralegal fees in the amount of $120/hour. [DE 28, Page ID# 1096]. This proposed rate exceeds the rate generally proscribed in this district. Stamper failed to submit any documentation to demonstrate the reasonableness of an increased hourly rate. Upon reviewing the practice of awarding paralegal fees in this District, the Court concludes that $100/hour for paralegal time is a more appropriate fee award in this case. *See, e.g., Bland v. Kijakazi*, 5:21-CV-179-REW, 2022 WL 16948564, at *2 (E.D. Ky. Nov. 14, 2022) ("Courts in this region frequently award paralegal fees at a rate of $100 per hour." (citing *McPherson v. Kijakazi*, No. 3:21-036-DCR, 2022 WL 3269046, at *2 (E.D. Ky. Aug. 10, 2022))); *Pohl v. Bisignano*, No. 5:25-CV-00109-GFVT, 2026 WL 1615752, at *4 (E.D. Ky. June 4, 2026) ("[T]he Court concludes that any paralegal fees awarded should be awarded at the rate of $100 per hour, pursuant to the consistent practice of this District.").

Generally, an inquiry into the reasonableness of attorney's fees involves a determination of the suitability of the number of hours expended and an analysis of

Page **7** of **11**

the propriety of the hourly fee charged. *Bodenhamer Bldg. Corp. v. Architectural Rsch. Corp.*, 989 F.2d 213, 221 (6th Cir. 1993). Thus, the Court must now address whether to accept or modify Stamper's proposed 29.6 hours of attorney time and 7.0 hours of paralegal time. [DE 28, Page ID# 1096]. In support of his request, Stamper included an attached "itemized statement from [an] attorney . . . representing or appearing on behalf of the party stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).

Although this case was reversed and remanded to the Commissioner on an unopposed motion, Stamper filed a Complaint [DE 1] and twenty-page Brief [DE 16] before the Commissioner sought remand. Stamper's Brief brought multiple challenges to the ALJ's decision. Additionally, the Court does not doubt that counsel spent significant time preparing the Brief. Therefore, the Court finds that the hours are within reason for the complexity of this case. *See Banks v. Dudek*, No. 3:23-CV-000650, 2025 WL 818186, at *2 (W.D. Ky. Mar. 14, 2025) (noting that "a typical itemization of hours by attorneys in Social Security cases . . . may range from 10 to as much as 40 hours or more, on complex cases") (collecting cases).

The proposed paralegal hours, however, present a different scenario. "Paralegal fees are only recoverable under the EAJA 'to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client.'" *Whitley ex rel. S.B. v. Comm'r of Soc. Sec.*, No. 5:24-CV-00365-GFVT, 2026 WL 867762, at *5 (E.D. Ky. Mar. 30, 2025) (quoting *Whitaker v. Kijakazi*, No. 5:21-CV-163-CHB, 2022 WL 3449474, at *3 (E.D. Ky. Aug. 17, 2022)). This

necessarily excludes clerical or secretarial tasks. *See id.*; *Plotecher v. Comm'r of Soc. Sec.*, No. 2:18-cv-00010, 2019 WL 13213051, at *3 (W.D. Mich. Oct. 1, 2019) (noting that "[s]ecretarial, clerical and other office overhead costs are not recoverable" (quoting *Flamboe v. Comm'r of Soc. Sec.*, No. 1:12-CV-606, 2013 WL 1914546, at *2 (W.D. Mich. Aug. 14, 2014))). "Clerical work involves tasks that do not require legal knowledge, such as filing motions, preparing or reviewing summons, and receiving and filing correspondence." *Lay v. Astrue*, No. 10-CV-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012).

Here, Stamper seeks a total of 7.0 hours of paralegal time. [DE 28-2]. The Court will excise some of these hours as clerical or secretarial tasks. For example, Stamper seeks 1.0 hour for downloading and printing the ALJ and AC decisions and creating electronic folders and copies; 0.5 hours for opening the client file and creating a digital case folder; 0.5 hours for downloading the administrative record and prepare a cloud-based folder for attorneys; 0.4 hours for preparing the EAJA packet; 0.6 total hours calculating and logging various dates and deadlines; and 0.5 hours compiling contemporaneous time records on one itemized time sheet. [DE 28-2]. These are clerical or secretarial tasks. *See Pohl v. Bisignano*, No. 5:25-CV-00109-GFVT, 2026 WL 1615752, at *4 (E.D. Ky. June 4, 2026) (determining that processing files, downloading and bookmarking the administrative record, and preparing EAJA filings are clerical or secretarial tasks); *Lay*, 2012 WL 5988822, at *6 (finding that receiving and preparing summons, sending forms to Plaintiff, and scheduling hearing dates are uncompensable clerical tasks); *Herron v. Trenton Special Sch. Dist.*, No.

1:19-CV-01034-STA-JAY, 2021 WL 3928820, at *2 (W.D. Tenn. Sept. 1, 2021) (finding "preparing documents" and "review of Court deadlines" to be clerical or secretarial tasks). Accordingly, the Court excises these 3.5 hours from the lodestar calculation,

To compute the total fee earned, the Court employs the lodestar calculation to find the "product of the number of hours billed and a reasonable hourly rate." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citation omitted). The Court will award fees at a rate of $125/hour for the documented 29.6 attorney hours and $100/hour for the documented 3.5 paralegal hours. This amounts to $3,700 for the attorney hours and $350 for the paralegal hours, for a total fee award of $4,050.00.

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Court will award the fee total to Stamper rather than counsel. Under *Astrue*, EAJA fees are to be paid directly to litigants, and they are subject to administrative offset for any federal debts the litigant owes. *Id.* at 593. In this Circuit, the Court must award EAJA fees to the litigant directly, regardless of whether the Commissioner demonstrates existing federal debt. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448 (6th Cir. 2009). Any obligation Stamper may have to pay counsel is controlled by contract between those parties and is not at issue in this case.

## IV. CONCLUSION

Accordingly, for the reasons discussed, the Court **GRANTS IN PART** DE 28 as to the request for a fee award under the EAJA, **DENIES IN PART** DE 28 as to the request for fees exceeding the EAJA statutory cap of $125/hour, and **AWARDS** EAJA fees in the total amount of $4,050.00 directly to Stamper. If, after receiving

the Court's fee Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the Anti-Assignment Act, then the EAJA fee will be made payable to Plaintiff and sent to his attorney.  However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.  The EAJA award is without prejudice to Plaintiff's attorneys right to seek attorney fees pursuant to section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.  *See* 28 U.S.C. § 2412(c)(1).

Signed this the 18th of June, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY