**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **RICHARD STAMPER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 5:25-CV-00260-MAS** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| ***Commissioner of Social Security*,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Plaintiff Richard Stamper's ("Stamper") Amended Motion for Attorneys' Fees. [DE 32]. Stamper indicates the Commissioner does not oppose the Motion. [DE 32-1, Page ID# 1213]. The undersigned has considered the foregoing, and the motion is now ripe for review.

## I. RELEVANT BACKGROUND

Previously, Stamper filed two Unopposed Motions for Attorneys' Fees [DE 24; DE 27], both of which the Court denied without prejudice due to certain substantive issues [DE 25; DE 27]. Attempting to remedy the deficiencies, Stamper filed a third Amended Motion for Attorneys' Fees [DE 28] and the undersigned issued a Memorandum Opinion and Order granting in part and denying in part the third Amended Motion due to Stamper's failure to sufficiently support his request for an

hourly rate exceeding the Equal Access to Justice Act's ("EAJA") $125.00 statutory cap. [DE 29].

On June 25, 2026, Stamper filed a Motion to Alter or Amend the Judgment, seeking reconsideration of the Court's decision denying the request for a rate greater than $125.00. [DE 30]. In support of his Motion, Stamper argued that the Court's previous attorneys' fees decision constituted a clear error of law and manifest injustice. Although the Court did not find clear error or manifest injustice, it granted Stamper a final opportunity to supplement the record regarding his request for an above-cap EAJA fee award. [DE 31]. On August 20, 2026, Stamper filed the instant Amended Motion for Attorneys' Fees. [DE 32].

As a refresher, this Social Security appeal ended in reversal of the Commissioner's underlying decision under sentence four of 42 U.S.C. § 405(g) and remand to the agency for further proceedings. [DE 22 (Order Reversing and Remanding); DE 21 (Judgment)]. Stamper seeks EAJA fees exceeding the statutory maximum. The motion is timely. Based on the Court's previous sentence four remand in this action, Stamper satisfies the "prevailing party" criteria and is entitled to a fee award. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Although the Commissioner joins the motion, and although the parties have entered a stipulation agreeing on a fee award, it is incumbent on the Court to examine the fee to be awarded for reasonableness. *See* 28 U.S.C. § 2412 (d)(2)(A); *Pohl v. Bisignano*, No. 5:25-CV-00109-GFVT, 2026 WL 1615752, at *1 (E.D. Ky. June 4, 2026) (noting that even where a joint motion is filed, the Court must examine the fee award for

reasonableness and continuing on to fully analyze the reasonableness of the fees requested). The Court does so below.

## II. EXCESS FEE ANALYSIS

Under the EAJA, "[t]he amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorneys' fees shall be capped at $125.00/hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In assessing the prevailing rate in the community, "[t]he relevant community, although a somewhat fluid concept, has been defined as the same metropolitan area as the one in which the case was brought." *Kalar v. Astrue*, No. CIV.A. 10-428-JBC, 2012 WL 2873815, at *1 (E.D. Ky. July 13, 2012) (citing *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)); *see also Carson v. Colvin*, No. 13-CV-94-GFVT, 2015 WL 5304627, at *1 (E.D. Ky. Sept. 8, 2015) ("It is the local prevailing rate—'rather than [out-of-state] counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices'—that governs the analysis." (quoting *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009))). Discerning the appropriate hourly fee in EAJA cases is a matter committed to the Court's discretion. *See Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578 (6th Cir. 2005). The party requesting a fee increase shall bear the burden of producing evidence supporting the requested increase. *Bryant*, 578 F.3d at 450.

To show that the prevailing rate in the relevant community exceeds the $125.00 statutory cap and to justify such a higher hourly fee, Stamper "must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Both evidence of fees billed and received "in the same geographic area for the pertinent area of practice, *as well as* . . . [proof] of the historical fee reimbursement rate in the district" may be relevant to the prevailing rate calculus. *Id.* (quoting *Page v. Astrue*, No. CIV.A. 09-210-GWU, 2011 WL 2560265, *1 (E.D. Ky. June 28, 2011)); *accord Taulbee v. Astrue*, No. CIV.A. 07-266-GWU, 2008 WL 5173614, at *2 (E.D. Ky. Dec. 10, 2008). Still, it remains Stamper's burden to put forth adequate evidence—both substantiating the ultimately sought fee amount *and* justifying an above-cap number, if applicable—in relation to the relevant geographic area. *See Trammell v. Colvin*, No. 2:12-CV-38-JMH, 2013 WL 1856415, at *1 (E.D. Ky. Apr. 30, 2013) (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343 (6th Cir. 2000)).

The relevant geographic area for the instant analysis is the Lexington-Fayette metropolitan area. *See, e.g.*, *Kalar v. Astrue*, No. CIV.A. 10-428-JBC, 2012 WL 2873815, at *1 (E.D. Ky. July 13, 2012). Here, Stamper seeks attorneys' fees at the rate of $255.00 per hour. [DE 32, Page ID# 1191]. In support of this upward variance, Stamper provides several pieces of evidence that the proposed fee is reasonable and falls within an appropriate range for this District: Stamper cites two cases from this

District with comparable fee awards, *Whitley ex rel. v. Commissioner of Social Security*, No. 5:24-CV-00365-GFVT, 2026 WL 867762, at *5 (E.D. Ky. Mar. 30, 2025) (hourly fee award of $245.00), and *Hack v. Bisignano*, No. 3:25-CV-00013-GFVT, 2026 WL 1396213, at *2 (E.D. Ky. May 19, 2026) (hourly fee award of $255.90), one of which, *Whitley*, was handled by a co-managing partner of the same firm handling Stamper's case, Brian Konoski. Additionally, Stamper provides a summary of the experience and reputation of the firm to which his counsel belongs, The Federal Appeals Firm, along with a summary of the qualifications and experience of each attorney within the firm and declarations from Brian Konoski, managing partner of The Federal Appeals Firm, and Kira Treyvus, co-managing partner of The Federal Appeals Firm and counsel in this matter. Furthermore, Stamper attached the sworn declarations of two Kentucky attorneys, unaffiliated with his counsel's firm or this matter, who both stated that "attorneys with significant litigation experience in this jurisdiction typically charge between $250 and $500 per hour, depending on the complexity of the matter, credentials, and nature of the case" and "[b]ased on my knowledge, an hourly rate of $245 for an experienced litigator is well within the normal market range and, in my opinion, is slightly below the normal market range." [DE 32-7, DE 32-8].

Stamper also submitted rate evidence from the *United States Consumer Law Attorney Fee Survey Report 2017–2018*, which reports an average attorney hourly rate of $313.00 with a median of 11.5 years of practice. However, Stamper notes that the survey is quite dated, and the Court further notes that there is no specific practice

area directly comparable to social security appeals investigated by the survey. [*See* DE 32-6 (evidencing median rates for bankruptcy, class action, credit rights, mortgage, vehicle, TCPA, and "other" cases)]. Additionally, Stamper presents the CPI-All Items Index for the South Urban Region and provides calculations demonstrating the increase in the cost of living from 1996 to 2025. *See Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1098 (6th Cir. 2016) (noting that the submission of CPI data alone is insufficient to justify a higher fee because it fails to establish the prevailing market rate in the local community).

In sum, Stamper sufficiently supported his request for an above-cap fee award. Together, the various pieces of evidence submitted by Stamper satisfy the standard that the requested rate of $255.00 is "in line with those prevailing in the community for similar service by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450; *see also Cantu v. Comm'r of Soc. Sec.*, No. 18-11409, 2019 WL 2314863, at *4 (E.D. Mich. May 31, 2019) (finding an above-cap fee award reasonable where the plaintiff provided affidavits certifying the rates normally charged by attorneys in the area, cost of living adjustments, the CPI for the region, citations to the government's rate of compensation for law clerks, and the qualifications of her attorneys and paralegals). Accordingly, the Court finds that an hourly rate of $255.00 is reasonable.

Additionally, Stamper requests paralegal fees in the amount of $100.00/hour. [DE 32, Page ID# 1203]. Notably, although Stamper expressly requests the paralegal fee rate of $100.00/hour in the text of his motion, the calculations and documents

submitted to reach the requested sum of $8,388.00 reflect a paralegal fee rate of $120.00/hour. [DE 32-3, Page ID# 1218]. The Court will evaluate the reasonableness of the fee rate as requested in the text of Stamper's motion, $100.00/hour.

Upon reviewing the documentation submitted by Stamper and the practice of awarding paralegal fees in this District, the Court concludes that $100/hour for paralegal time is an appropriate fee award in this case. [DE 32, Page ID# 1187, 1201, 1203; DE 32-10, Page ID# 1242]; *see, e.g.*, *Bland v. Kijakazi*, 5:21-CV-179-REW, 2022 WL 16948564, at *2 (E.D. Ky. Nov. 14, 2022) ("Courts in this region frequently award paralegal fees at a rate of $100 per hour." (citing *McPherson v. Kijakazi*, No. 3:21-036-DCR, 2022 WL 3269046, at *2 (E.D. Ky. Aug. 10, 2022))); *Pohl v. Bisignano*, No. 5:25-CV-00109-GFVT, 2026 WL 1615752, at *4 (E.D. Ky. June 4, 2026) ("[T]he Court concludes that any paralegal fees awarded should be awarded at the rate of $100 per hour, pursuant to the consistent practice of this District.").

Generally, an inquiry into the reasonableness of attorneys' fees involves a determination of the suitability of the number of hours expended and an analysis of the propriety of the hourly fee charged. *Bodenhamer Bldg. Corp. v. Architectural Rsch. Corp.*, 989 F.2d 213, 221 (6th Cir. 1993). Thus, the Court must now address whether to accept or modify Stamper's proposed 29.6 hours of attorney time and 7.0 hours of paralegal time. [DE 32, Page ID# 1191]. In support of his request, Stamper included an attached "itemized statement from [an] attorney . . . representing or appearing on behalf of the party stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).

Although this case was reversed and remanded to the Commissioner on an unopposed motion, Stamper filed a Complaint [DE 1] and twenty-page Brief [DE 16] before the Commissioner sought remand. Stamper's Brief brought multiple challenges to the ALJ's decision. Additionally, the Court does not doubt that counsel spent significant time preparing the Brief. Therefore, the Court finds that the hours are within reason for the complexity of this case. *See Banks v. Dudek*, No. 3:23-CV-000650, 2025 WL 818186, at *2 (W.D. Ky. Mar. 14, 2025) (noting that "a typical itemization of hours by attorneys in Social Security cases . . . may range from 10 to as much as 40 hours or more, on complex cases") (collecting cases).

However, as the Court explained in its previous Order [DE 29], the proposed paralegal hours present a different scenario. Recall that "[p]aralegal fees are only recoverable under the EAJA 'to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client.'" *Whitley ex rel. S.B. v. Comm'r of Soc. Sec.*, No. 5:24-CV-00365-GFVT, 2026 WL 867762, at *5 (E.D. Ky. Mar. 30, 2025) (quoting *Whitaker v. Kijakazi*, No. 5:21-CV-163-CHB, 2022 WL 3449474, at *3 (E.D. Ky. Aug. 17, 2022)). This necessarily excludes clerical or secretarial tasks. *See id.*; *Plotecher v. Comm'r of Soc. Sec.*, No. 2:18-cv-00010, 2019 WL 13213051, at *3 (W.D. Mich. Oct. 1, 2019) (noting that "[s]ecretarial, clerical and other office overhead costs are not recoverable" (quoting *Flamboe v. Comm'r of Soc. Sec.*, No. 1:12-CV-606, 2013 WL 1914546, at *2 (W.D. Mich. Aug. 14, 2014))). "Clerical work involves tasks that do not require legal knowledge, such as filing motions, preparing or reviewing summons, and receiving

and filing correspondence." *Lay v. Astrue*, No. 10-CV-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012).

Previously, the Court excised 3.5 of the 7.0 hours of paralegal time requested as clerical or secretarial tasks. [DE 29, Page ID# 1140]. The Court provided:

> Stamper seeks 1.0 hour for downloading and printing the ALJ and AC decisions and creating electronic folders and copies; 0.5 hours for opening the client file and creating a digital case folder; 0.5 hours for downloading the administrative record and prepare a cloud-based folder for attorneys; 0.4 hours for preparing the EAJA packet; 0.6 total hours calculating and logging various dates and deadlines; and 0.5 hours compiling contemporaneous time records on one itemized time sheet. [DE 28-2]. These are clerical or secretarial tasks. *See Pohl v. Bisignano*, No. 5:25-CV-00109-GFVT, 2026 WL 1615752, at *4 (E.D. Ky. June 4, 2026) (determining that processing files, downloading and bookmarking the administrative record, and preparing EAJA filings are clerical or secretarial tasks); *Lay*, 2012 WL 5988822, at *6 (finding that receiving and preparing summons, sending forms to Plaintiff, and scheduling hearing dates are uncompensable clerical tasks); *Herron v. Trenton Special Sch. Dist.*, No. 1:19-CV-01034-STA-JAY, 2021 WL 3928820, at *2 (W.D. Tenn. Sept. 1, 2021) (finding "preparing documents" and "review of Court deadlines" to be clerical or secretarial tasks).

[DE 29, Page ID# 1139–40]. Again, Stamper requested the same 7.0 hours of paralegal time for the same tasks. [DE 32-3]. And again, the Court must excise 3.5 hours from the lodestar calculation.

To compute the total fee earned, the Court employs the lodestar calculation to find the "product of the number of hours billed and a reasonable hourly rate." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citation omitted). The Court will award fees at a rate of $255.00/hour for the documented 29.6 attorney hours and $100.00/hour for the documented 3.5 paralegal hours. This amounts to $7,548.00 for

the attorney hours and $350.00 for the paralegal hours, for a total fee award of $7,898.00.

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Court will award the fee total to Stamper rather than counsel. Under *Astrue*, EAJA fees are to be paid directly to litigants, and they are subject to administrative offset for any federal debts the litigant owes. *Id.* at 593. In this Circuit, the Court must award EAJA fees to the litigant directly, regardless of whether the Commissioner demonstrates existing federal debt. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448 (6th Cir. 2009). Any obligation Stamper may have to pay counsel is controlled by contract between those parties and is not at issue in this case.

## IV. CONCLUSION

Accordingly, for the reasons discussed, Stamper's Amended Motion for Attorneys' Fees [DE 32] is **GRANTED in part** and **DENIED in part**, and the Court **AWARDS** EAJA fees in the total amount of $7,898.00 directly to Stamper. If, after receiving the Court's fee Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the Anti-Assignment Act, then the EAJA fee will be made payable to Plaintiff and sent to his attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney. The EAJA award is without prejudice to Plaintiff's attorneys right to seek attorney fees pursuant to section 206(b)

of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1).

Signed this the 25th of August, 2026.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY